## Heart and Lung Act

KANE, *Attorney General*, ANDERSON, *Deputy Attorney General,* and YAKOWICZ, *Solicitor General,* February 21, 1978 — You asked for our opinion concerning an apparent conflict between a formal Attorney General's Opinion of 1958 and an informal Deputy Attorney General's Opinion of 1973. The point in question is whether or not various types of leave should accrue while a member of the State Police force is absent from work due to disability covered by the Heart and Lung Act of June 28, 1935, P.L. 477, as amended, 53 P.S. §637 et seq. While the formal opinion issued in 1958 suggests that various types of leave could accrue during the period an employe is absent by reason of disability, the 1973 informal opinion states that accrual of such leave should not be allowed.

Insofar as it applies to the State Police, the Heart and Lung Act provides as follows:

"(a) Any member of the State Police force, . . . who is injured in the performance of his duties . . . and by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the Commonwealth of Pennsylvania . . . his full rate of salary . . . until the disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any such injury, shall be paid by the Commonwealth of Pennsylvania. . . . During the time salary for temporary incapacity shall be paid by the Commonwealth of Pennsylvania . . ., any workmen's compensation, received or col-

lected by any such employe for such period, shall be turned over to the Commonwealth of Pennsylvania . . . and paid into the treasury thereof. . . .

"(b) In the case of the State Police Force . . . who have served for four consecutive years or longer, diseases of the heart and tuberculosis of the respiratory system, contracted or incurred by any of them after four years of continuous service as such, and caused by extreme overexertion in times of stress or danger or by exposure to heat, smoke, fumes or gases, arising directly out of the employment of any such member of the State Police Force, . . . shall be compensable in accordance with the terms hereof . . ." 53 P.S. §637.

"No absence from duty of any such policeman . . . by reason of any such injury shall in any manner be included in any period of sick leave, allowed such policeman . . . by law or by regulation of the police . . . department by which he is employed." 53 P.S. §638.

This act was interpreted by the Attorney General in Official Opinion no. 136, dated July 10, 1958, to allow the accrual of sick leave and annual leave during a State Policeman's absence from work due to temporary disability. The opinion states that: "[t]emporary incapacity due to injury or disability in the line of duty is, for these purposes, equivalent to full time duty."

On the other hand, the informal opinion written by Lillian B. Gaskin, Deputy Attorney General, on June 11, 1973, interpreted the act to mean only that employes covered by the act would not lose any annual or sick leave accrued prior to the temporary disability. According to her, there was no intent under the act that sick leave and annual leave would accrue while the employe was off from work

due to the disabillity. In addition, Ms. Gaskin concluded that such employes were not entitled to salary increases during the period of disability.

Having reviewed both the formal and informal opinions, it is our judgment that the 1973 informal opinion is correct. The 1958 opinion interprets section 2 of the act to require the employe to receive "his regular period of sick leave" once he returns to regular duty and it interprets section 222 of The Administrative Code of April 9, 1929, P.L. 177, 71 P.S. §82, to require an employe to receive fifteen days leave of absence with full pay during each calendar year unaffected by any period of temporary incapacity.

Ms. Gaskin's interpretation of section 2 to the effect that its purpose is to make clear that employes covered by the act would not lose any annual and sick leave accrued prior to the time of their disability is, to us, a more accurate reading of the section. Further, there is no reason to conclude that section 222 of The Administrative Code cannot be affected by any period of incapacity. To say that temporary incapacity is equivalent to full-time duty, as was said in the Official Opinion of 1958, is incorrect and cannot be derived from the language of the Heart and Lung Act.

Therefore, it is our opinion, and you are advised: (1) that Official Opinion no. 136 of 1958 is overruled insofar as it interprets the Heart and Lung Act to allow an employe to accumulate sick leave and annual leave during temporary disability covered by the act; (2) that such leave cannot be accumulated during a time of temporary disability under the act; and (3) that increases in salary may not be earned by an employe during a time of temporary disability under the act.